PER CURIAM.
Defendant, Robert Freund, appeals a $20,000 final judgment entered for the plaintiff, Harry Gross, in an action for damages based upon breach of contract and fraud concerning stock purchases.
Gross filed a two-count complaint against Freund, appellant herein. Count one involved the purchase of 4,000 shares of Marine International Investment stock for $28,000 in July 1974. Gross alleged that he made the purchase from Freund on Freund’s representations that as a legal representative of Marine International he had “inside” information which led him to believe the price of the stock was certain to go up and he would have the investment stock legend removed from the certificates so that the stock could be sold on the open market. Freund also guaranteed in writing the minimum price of $6 per share for a period of up to 23 months. Within that period Marine International went bankrupt. *1098 Gross prayed for $28,000 in damages on this count on the grounds that (1) these representations were false, and (2) Freund failed to make good on his guarantee.
Count two of the complaint is based on $20,000 Gross gave to Freund for an assignment of 10,000 shares of Bloomfield Building Industries, Inc. (BBI) legend stock; certificate of this stock to be delivered to Gross within one year from the date of assignment with the legend so removed so that the shares could be sold on the open market. The SEC suspended trading in BBI stock, the transfer agent was removed and Freund was unable to transfer the stock within the required one year period. As a result, Gross sought $35,000 in compensatory and punitive damages grounded on the theory of breach of contract, fraud and misrepresentation on Freund’s part in inducing him to purchase the BBI stock. Freund answered and primarily alleged as a defense that Gross was a sophisticated investor. Following a non-jury trial, the judge entered final judgment for Freund on count one with respect to the Marine International stock purchase and a $20,000 judgment for Gross on the second count concerning the BBI stock. Freund appeals the adverse judgment on count two and Gross cross-appeals the denial of relief on count one.
Freund argues that since the damages awarded on count two are equal to the original purchase price, it appears that the trial court erroneously rescinded the contract of purchase since Gross did not pray for rescission and, therefore, the judgment cannot stand where this issue was not presented by the pleadings or litigation. We cannot agree.
Although an action by a buyer to recover the purchase price paid ordinarily rests on rescission of the contract of sale, such an action may be based on breach of contract where the goods have not been delivered. 78 C.J.S. Sales § 489 (1952). The record reflects that none of the BBI stock was ever delivered to Gross and in his complaint he pled breach of contract as one of the grounds for recovery. Thus, this point of • appellant is without merit. Cf. Shirley v. Lake Butler Corporation, 123 So.2d 267, 272 (Fla.2d D.C.A. 1960).
We also examined appellant’s second point on appeal and find no merit.
On cross-appeal Harry Gross argues that the trial court erred in finding for Freund on count one of his complaint seeking damages for the shares of Marine International. Here the evidence demonstrates that Freund gave Gross a written guarantee of a minimum price of $6 per share for 23 months. Within that period Marine International went bankrupt thereby making the stock worthless. Freund then became obligated under the purchase contract to pay Gross his guarantee of $6 per share for the 4,000 shares purchased. We, therefore, reverse the judgment entered for Freund on count one and remand the cause to the trial court to enter judgment for Gross for $24,000.
Affirmed in part, reversed in part.